La Foy v. La Foy.

JULIAN P. LA FOY et al.

*v.*

ELIZABETH A. LA FOY et al.

The debt of a devisee to the testator is not a charge on lands devised to him by the testator, in the absence of language in the will making such debt a charge.

On appeal from a decree of the chancellor, whose opinion is reported in *La Foy* v. *Campbell, 15 Stew. Eq. 34.*

*Mr. Philip W. Cross,* for appellants.

La Foy *v.* La Foy.

*Mr. Chas. T. Glenn,* for respondents.

The opinion of the court was delivered by

Van Syckel, J.

The bill in this case was filed for the partition of the real estate of John B. M. de La Foy among his devisees.   The only question that need be considered in this case is whether the debt of a devisee to the testator·can be charged on the lands devised to him in the absence of language in the will making such debt a ·charge.

The ground upon which an executor is permitted to retain, as against a legatee, so much of his legacy ·as will satisfy a debt due from the legatee to the testator is clearly stated in *Jeffs* v. *Wood, 2 P. Wms. 128,* where the master of the rolls says : " The legatee's demand is in respect of the testator's assets, without which the executor is not liable; and it is very just and equitable for the executor to say that the legatee has so much of the assets already in his own hands, and consequently is satisfied *pro tanto.*"

In *Courtenay* v. *Williams, 3 Hare 539, 552,* Vice-Chancellor

Note.—The statute of *3 and 4 W. & M., c. 14,* expressly saved the rights of a *bona fide* purchaser from the heir or devisee, where the purchase was made before suit brought by the ancestor's creditor.

Before the enactment of *3 and 4 W. & M., c. 14,* if the heir aliened lands before action brought for the intestate's debts, he was responsible in equity for their value, *Coleman* v. *Winch, 1 P. Wms. 777; Bateman* v. *Bateman, 1 Eq. Cas. Abr. 149 ;* see *Bell* v. *Stewart, 59 Ill. 229 ; Cox* v. *Strode, 2 Bibb 273.*

The statutes of some states enable the creditor or executor to follow the lands aliened in the purchaser's hands, *Leavens* v. *Butler, 8 Port. 380 ; Watkins* v. *Holman, 16 Pet. 25, 63 ;* [see *Ogden* v. *Smith, 14 Ala. 428*] ; *Griswold* v. *Bigelow, 6 Conn. 258 ; Seymour* v. *Seymour, 22 Conn. 272 ; Goodtitle* v. *Roe, 20 Ga. 135 ; Ricard* v. *Williams, 7 Wheat. 114; Elliott* v. *Moore, 5 Blackf. 270 ; Freeman* v. *State, 18 Ind. 484; Van Syckle* v. *Richardson, 13 Ill. 171; McCoy* v. *Morrow, 18 Ill. 519 ; Bishop* v. *O' Conner, 69 Ill. 431; Smith* v. *Dutton, 16 Me. 308 ; Campbell's Case, 2 Bland 209 ; Gore* v. *Brazier, 3 Mass. 523 ; Wyman* v. *Bridgen, 4 Mass. 150 ; Heitkamp* v. *Beidenstein, 7 Mo. App. 462 ; Ferguson* v. *Carson, 9 Mo. App. 497 ; Corell* v. *Weston, 20 Johns. 414; Hyde* v. *Tanner, 1 Barb. 75 ; Elwood* v. *Deifendorf, 5 Barb. 398 ; Eddy* v. *Traver, 6 Paige 521 ;* [see *Wilson* v. *Wilson, 13 Barb. 252 ; Selover* v. *Coe, 63 N. Y. 438*] ;

La Foy v. La Foy.

Wigram says : " The executors may say to the legatee 'We admit your right to the legacy; you have assets of the testator in your hands; pay your legacy *pro tanto* out of those assets.' Again, the executor might say 'You ask for a portion of the assets of the testator; but you are yourself a debtor to testator's estate, and his assets are diminished *pro tanto* by your default; it is against conscience that you should take anything out of the estate until you have made good what you owe to it;' and the equity of a trustee to impound the interest of a *cestui que trust* in the trust fund under such circumstances is clear."

The case of *Cherry* v. *Boultbee, 4 Mylne & Craig 442*, shows how absolutely this doctrine rests on the fact that the legatee may be compelled to resort to the aid of the law to recover his legacy from one who is entitled to receive the debt the legatee owes to the testator. In that case Lord Cottenham remarks : " It must be observed that the term 'set-off' is very inaccurately used in cases of this kind. In its proper use, it is applicable only to mutual demands, debts and credits. The right of an executor of a creditor to retain a sufficient part of a legacy given by the creditor to the debtor, to pay a debt due from him to the

*Faran* v. *Robinson, 17 Ohio St. 242; Morris* v. *Smith, 1 Yeates 238; Graff* v. *Smith, 1 Dall. 481; Soles* v. *Hickman, 29 Pa. St. 342; Sherman* v. *Abell, 46 Vt. 547.*

But in other states a *bona fide* purchaser is protected, *Ryan* v. *Jones, 15 Ill. 1; Grotenkemper* v. *Bryson, 79 Ky. 353; Sevier* v. *Gordon, 29 La. Ann. 440; Whittelsey* v. *Brohammer, 31 Mo. 98; Ticknor* v. *Harris, 14 N. H. 272; Skillman* v. *Van Pelt, Sax. 511, 517; Letson* v. *Letson, 2 C. E. Gr. 103; Wambaugh* v. *Gates, 11 Paige 505, 1 How. App. Cas. 247; Hinton* v. *Whitehurst, 71 N. C. 66; [see Hamilton* v. *Haynes, Cam. & N. 413; Tremble* v. *Jones, 3 Murph. 579]; Hopkins* v. *Ladd, 12 R. I. 279; Potter* v. *Gardner, 12 Wheat. 498; Richardson* v. *Chappell, 6 S. C. 146; Lanier* v. *Griffin, 11 S. C. 565; Towles* v. *Towles, 1 Head 601; Ryan* v. *McLeod, 32 Gratt. 367; and also a mortgagee, Hetfield* v. *Jaques, 5 Hal. 259; Fonda* v. *Chapman, 23 Hun 119.*

A volunteer is entitled to no protection, *Rearden* v. *Searcy, 3 A. K. Marsh. 539; Piatt* v. *St. Clair, Wright 261, 6 Ohio 93 (227); Burch* v. *Lantz, 2 Rawle 392; Nelson* v. *George, 1 B. Mon. 283; see Adams* v. *Holcombe, Harp. Eq. 202.*

The heir of an heir is similarly liable, *Rinard* v. *West, 43 Ind. 159; Scott* v. *King, 3 Dana 470; Waller* v. *Ellis, 2 Munf. 88.*

So, the heir of a devisee is liable, *Traud* v. *Magnes, 49 N. Y. Super. Ct. 309; Buford* v. *Pawling, 5 Dana 285.*

La Foy *v.* La Foy.

creditor's estate, is rather a right to pay out of the fund in hand than a right of set off. Such right of payment, therefore, can only arise where there is a right to receive the debt so to be paid; and the legacy or fund, so to be applied in payment of the debt, must be payable by the person entitled to receive the debt."

Our own courts have placed the right of the executor to retain upon this equitable basis. *Snyder* v. *Warbasse, 3 Stock. 463; Brokaw* v. *Hudson, 12 C. E. Gr. 135.*

The devisee of lands occupies no such relation to the executor as that which exists between legatee and executor. No act is necessary, on the part of the executor, to put the devisee in full enjoyment of the estate devised. The opportunity, therefore, could not arise for the executor to retain the debt of the devisee to the testator out of any demand which the devisee might seek to enforce against the executor. If such a charge attaches against the land devised, it would be necessary for the executor to establish it by proceedings in which he is the actor. After diligent search, I have been unable to find a case in which an attempt has been made to charge a devise of lands with a debt due from the devisee to the testator, in the absence of language in the will manifesting the purpose of the testator to do so. My examina-

---

*Query* as to the devisee of a devisee, *Nelson* v. *George, 1 B. Mon. 281; Scott* v. *King, 3 Dana 470; Chambers* v. *Davis, 17 B. Mon. 534.*

The real assets descended or devised are not chargeable with the ancestor's debts, but the heir or devisee is only personally liable for their value, *Mathews* v. *Jones, 2 Anst. 506; Spackman* v. *Timbrell, 8 Sim. 253; Richardson* v. *Horton, 7 Beav. 112; Dilkes* v. *Broadmead, 2 Giff. 113, 2 De G. F. & J. 566; Sauer* v. *Griffin, 67 Mo. 654;* see *Pimm* v. *Insall, 7 Hare 193, 1 MacN. & G. 449; Hunting* v. *Sheldrake, 9 M. & W. 256; Ex parte Morton, 5 Ves. 449.*

The proceeds of the lands may be followed, *McPike* v. *Wells, 54 Miss. 137; Mallory* v. *Craige, 2 McCart. 73;* see *Winfield* v. *Burton, 79 N. C. 388.*

As to the priority of one of several judgment creditors of the decedent over the others, *Gree* v. *Oliver, Carth. 245; Green* v. *Allen, 45 Ga. 205; Turk* v. *Ross, 59 Ga. 378; Purdy* v. *Doyle, 1 Paige 558; Ricks* v. *Blount, 4 Dev. 128; Aurand's Appeal, 34 Pa. St. 151;* or such creditor over a judgment creditor of the heir, *Kinderley* v. *Jervis, 25 L. J. (Ch.) 538, 22 Beav. 1; Baynton* v. *Finnall, 4 Sm. & Marsh. 193; Spaight* v. *Wade, 2 Murph. 295; Morris* v. *Mowatt, 2 Paige 586; Pierce* v. *Alsop, 3 Barb. Ch. 184; Horner* v. *Hasbrouck, 41 Pa. St. 169; Wallace* v. *Keyser, 51 Pa. St. 493; Manifold's Estate, 5 Watts & Serg. 340;* see, also, *Westervelt* v. *Voorhis, 15 Stew. Eq. 179.*—Rep.

tion shows no occasion on which such a question has been propounded in a court of justice.

In the structure of the English law there is no foundation for such a doctrine.

By the common law of England the real estate of a deceased person was not liable to answer even his own simple contract debts, no action being maintainable against the heir in respect of descended assets, except by creditors whose debts were constituted by an instrument under seal. It is so clearly contrary to the policy of the common law that it would occasion surprise if any authority could be found to support a charge like that set up against the devisee in this case.

In *Letson* v. *Letson, 2 C. E. Gr. 103*, the testator devised to Johnson Letson certain real estate in New Brunswick. By a codicil to his will the testator directed as follows

"I have loaned and advanced to my son, Johnson Letson, one thousand dollars, and have joined in a bond and mortgage to secure seventeen hundred dollars to James Conover, of New Brunswick. I expect and direct my said son Johnson to pay both said sums of money in aid and release of my estate."

After the testator's death, Johnson Letson entered upon the lands devised to him and conveyed them.

The complainant filed his bill to have the debt of the devisee declared a charge and encumbrance upon the land devised.

Chancellor Green declared "that the moneys directed in the codicil to be paid by the defendant are not made a charge upon the real estate devised to him. A *bona fide* purchaser of the land devised, without notice, cannot be affected by any equity subsisting between the executor of the estate and the devisee."

It did not even suggest itself to the mind of that eminent jurist that it might be claimed that the debt was a charge on the lands devised where the testator did not express that intention in his will.

If such an encumbrance can be maintained, title could not be safely taken from a devisee of land. My understanding is that it has uniformly been the practice of real estate lawyers in this state to pass the title, where the language of the will did not

create any charge upon the land devised, without any inquiry into the state of accounts between the testator and his devisee.

In the absence of language in the testator's will to that effect, there is no authority for charging the devisee's debt upon land devised to him.

In my opinion the decree in this case should be reversed.

*Decree unanimously reversed.*